# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10899
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JESUS RIOS-GARZA,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:18-CR-21-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Raising two claims, Jesus Rios-Garza challenges the above-guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence of forty months and the three-year supervised release term that he received for illegally reentering the United States after deportation. First, he contends that the prison term is substantively unreasonable. Second, he avers that the prison and supervised release terms violate due process.

In support of his substantive-reasonableness challenge, Rios-Garza maintains that his sentence is shockingly high, greater than necessary to achieve the sentencing goals in 18 U.S.C. § 3553(a), and represents a clear error of judgment in balancing the § 3553(a) factors. In particular, he reasons as follows: The court failed to account for the fact that all of his DWI offenses were more than ten years old; one of them did not result in a conviction; his drug-trafficking conviction was seven years old; he had one deportation; and this criminal history did not warrant an upward variance.

There is no indication that the district court failed to account for a factor that should have received significant weight, gave significant weight to any improper factor, or clearly erred in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The court adopted the presentence report without objection and considered Rios-Garza's expression of remorse. The court then tied its reasons for imposing an above-guidelines sentence to specific facts, including Rios-Garza's deportation and criminal history, and to particular § 3553(a) sentencing factors that are sufficient to justify the variance. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In essence, Rios-Garza is asking us to reweigh the § 3553(a) sentencing factors, which is not within the scope of our review. *See id.* Thus, the district court did not abuse its sentencing discretion. *See id.*; *United States v. McElwee*, 646 F.3d 328, 344−45 (5th Cir. 2011).

Regarding Rios-Garza's due process claim, he cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), in

No. 18-10899

support of his theory that the statutory maximum sentences of § 1326(b)(1) do not apply because his indictment did not allege a prior felony conviction. As Rios-Garza correctly concedes, that issue is foreclosed. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998); *see also United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

The judgment is AFFIRMED.